ATTORNEY GENERAL HENRY HAS ASKED THAT I RESPOND TO YOUR RECENT REQUEST FOR LEGAL ADVICE FROM THIS OFFICE CONCERNING THE PROPRIETY OF YOUR EMPLOYMENT AS GENERAL COUNSEL FOR THE METROPOLITAN FAIR HOUSING COUNSEL (MFHC). BECAUSE YOU HAVE INDICATED THAT THE ISSUANCE OF AN OFFICIAL OPINION OF THE ATTORNEY GENERAL IS NOT NECESSARY TO MEET YOUR NEEDS, THIS INFORMAL LETTER RESPONSE, WHICH REPRESENTS THE VIEWS OF THE AUTHOR ONLY, IS OFFERED.
IN YOUR LETTER YOU INQUIRE WHETHER THERE IS A CONFLICT OR PROHIBITION AGAINST AN LEGISLATOR SERVING AS GENERAL COUNSEL FOR THE MFHC. YOUR QUESTION ASSUMES THAT THE MFHC IS FUNDED FROM FEDERAL COMMUNITY DEVELOPMENT BLOCK GRANT MONIES, AND THAT THE GENERAL COUNSEL IS TO BE COMPENSATED FROM FUNDS ALLOCATED TO THE MFHC LEGAL DEFENSE FUND FROM PRIVATE CONTRIBUTIONS.
THE APPLICABLE LAW IS BOTH CONSTITUTIONAL AND STATUTORY. ARTICLE 5, SECTION 23 OF THE OKLAHOMA CONSTITUTION PROVIDES:
 "NO MEMBER OF THE LEGISLATURE SHALL, DURING THE TERM FOR WHICH HE WAS ELECTED, BE APPOINTED OR ELECTED TO ANY OFFICE OR COMMISSION IN THE STATE, WHICH SHALL HAVE BEEN CREATED, OR THE EMOLUMENTS OF WHICH SHALL HAVE BEEN INCREASED, DURING HIS TERM OF OFFICE, NOR SHALL ANY MEMBER RECEIVE ANY APPOINTMENT FROM THE GOVERNOR, THE GOVERNOR AND SENATE, OR FROM THE LEGISLATURE, DURING THE TERM FOR WHICH HE SHALL HAVE BEEN ELECTED, NOR SHALL ANY MEMBER DURING THE TERM FOR WHICH HE SHALL HAVE BEEN ELECTED OR WITHIN TWO YEARS THEREAFTER. BE INTERESTED DIRECTLY OR INDIRECTLY IN ANY CONTRACT WITH THE STATE OR ANY COUNTY OR OTHER SUBDIVISION THEREOF AUTHORIZED BY LAW PASSED DURING THE TERM FOR WHICH HE SHALL HAVE BEEN ELECTED."
FURTHER, TITLE 74 O.S. 4246 (1989), PROVIDES, IN PERTINENT PART:
"NO LEGISLATOR SHALL:
 (G) ACCEPT OTHER EMPLOYMENT WHICH WOULD IMPAIR HIS INDEPENDENCE OF JUDGEMENT IN THE PERFORMANCE OF HIS PUBLIC DUTIES;
 (H) RECEIVE OR AGREE TO RECEIVE COMPENSATION FOR REPRESENTING OR ASSISTING ANY PERSON OR BUSINESS IN ANY TRANSACTION INVOLVING THE STATE; OR REPRESENT ANOTHER PERSON, FIRM, CORPORATION OR ENTITY FOR A FEE BEFORE ANY STATE DEPARTMENT, AGENCY, BOARD OR COMMISSION. THE PROVISIONS OF THIS PARAGRAPH SHALL NOT:
1. APPLY TO THE PRACTICE OF LAW BEFORE ANY COURT;
 2. PRECLUDE A MEMBER OF THE LEGISLATURE FROM ACTING ON BEHALF OF A CONSTITUENT TO DETERMINE THE STATUS OF A MATTER BEFORE A STATE DEPARTMENT, AGENCY, BOARD, COMMISSION, INSTITUTION OR INSTRUMENTALITY WITHOUT ACCEPTING COMPENSATION THEREFOR; OR
 (I) BE EMPLOYED BY OR RECEIVE ANY COMPENSATION, FEE, OR COMPENSATION FROM THE STATE, EXCEPT THE COMPENSATION AND ALLOWANCE FOR EXPENSES PROVIDED BY LAW TO A LEGISLATOR."
THE FORGOING PROVISIONS HAVE BEEN HELD INAPPLICABLE WHEN THE LEGISLATOR IS COMPENSATED FROM FUNDS OTHER THAN STATE APPROPRIATIONS (SEE A.G. OPINIONS NO. 82-048 AND NO. 71-233 COPIES OF WHICH I HAVE PROVIDED FOR YOUR CONVENIENCE). HOWEVER, A. G. OPINION NO. 82-048 MAKES IT CLEAR THAT THE TEST FOR DETERMINING WHETHER A LEGISLATOR HAS VIOLATED THE PROVISIONS OF ARTICLE 5, SECTION 23 IS NOT BASED SOLELY ON THE ISSUE OF WHETHER THE LEGISLATOR IS BEING PAID FROM STATE APPROPRIATED FUNDS. THAT OPINION STATED:
 "(T)HE ANALYSIS CONTAINED IN THESE ATTORNEY GENERAL OPINIONS HAS CENTERED ON THE FACTOR OF WHETHER THE LEGISLATOR IS BEING PAID OUT OF STATE APPROPRIATED FUNDS, IT IS CONCEIVABLE THAT" A CONTRACT. AUTHORIZED BY LAW . . . "MAY BE AUTHORIZED BY MEANS OTHER THAN LEGISLATIVE APPROPRIATION. THEREFORE, ANY CONTRACT OF EMPLOYMENT WHICH A LEGISLATOR MAY ENTER INTO WITH A SCHOOL DISTRICT MUST BE EXAMINED ON ITS OWN FACTS TO DETERMINE WHETHER IT IS ONE "AUTHORIZED BY LAW PASSED DURING THE TERM FOR WHICH (THE LEGISLATOR) SHALL HAVE BEEN ELECTED."
THEREFORE, ASSUMING THAT THE LEGISLATOR'S CONTRACT WITH THE MFHC WAS NOT AUTHORIZED BY THE LEGISLATURE DURING HIS OR HER TERM OF OFFICE AND SUCH A LEGISLATOR IS NOT COMPENSATED BY STATE APPROPRIATED FUNDS, IT APPEARS THAT THERE IS NO SPECIFIC PROHIBITION AGAINST ACCEPTING EMPLOYMENT AS GENERAL COUNSEL FOR THE MFHC. WHETHER THAT EMPLOYMENT VIOLATES THE PROVISIONS OF 74 O.S. 4246(G)/74 O.S. 4246(H)/74 O.S. 4246(I) IS, AS YOU REALIZE, A QUESTION OF FACT WHICH THIS OFFICE CANNOT RESOLVE AS A MATTER OF LAW. THAT DETERMINATION MUST BE MADE BY THE PARTICULAR LEGISLATOR INVOLVED.
(LEGISLATOR/CONFLICT OF INTEREST)
(ROBERT T. RALEY)